FILED
SEP 26 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTON WEAVER, )
)
Petitioner, )
)
v. ) Civil Action No. 3:07CV461-HEH
)
DIRECTOR OF THE VIRGINIA )
DEPARTMENT OF CORRECTIONS, )
)
Respondent. )

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2254 Petition)**

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his conviction, in the Circuit Court for the City of Suffolk ("Circuit Court"), for malicious wounding. The Court of Appeals of Virginia aptly summarized the evidence of Petitioner's guilt as follows:

> [O]n March 12, 2004 Daniel Bess and Junious Lewis helped Joyce Bess, Daniel's mother, unload items from a truck. As Daniel carried a stroller into the house, appellant appeared carrying a baseball bat and struck Daniel in the head. Joyce Bess testified appellant jumped onto the porch with the bat and she yelled for Daniel to watch out. Appellant ran away after striking Daniel. Lewis also saw appellant on the porch with the bat. He called for emergency assistance. Daniel suffered a skull fracture as a result of the incident.
>
> Officer Neil Boone responded to the scene. He later spoke with appellant, who admitted swinging the bat at Daniel. Appellant testified Daniel sold him fake crack cocaine on the day of the incident. Armed with the bat, appellant confronted Daniel in order to get his money back. Appellant explained that when Daniel refused to refund the money, he swung the bat at Daniel. He denied making contact with Daniel's body, but

> admitted he was trying to hit Daniel. Appellant also admitted having earlier lied to the officer when asked about the incident.

*Weaver v. Commonwealth*, Rec. No. 0181-05-1, 1–2 (Va. Ct. App. June 27, 2005).

Petitioner contends that he is entitled to relief on the following grounds:

Claim A Petitioner was denied the effective assistance of counsel:

(1) Counsel neglected his duty to inform Petitioner of the state's plea offer.

(2) Counsel failed to honor Petitioner's request to have the bat used in the crime tested for DNA.

(3) "Counsel did not make known the stated medical evidence by the OBICI examining doctors." (Br. in Supp. of § 2254 Pet. 3 (Docket Nos. 3 & 4)).

(4) Counsel failed to request transcripts of the preliminary hearing in a timely manner.

(5) Counsel failed to subject Dr. Thomas's testimony regarding the victim's wounds to adversarial testing, either through cross-examination or calling a defense expert.

(6) Counsel failed to cross-examine Dr. Thomas adequately regarding the testing of the victim for alcohol and drugs.

(7) Counsel failed to object to Dr. Hightower's testimony that the victim had a fractured skull.

(8) Counsel failed to investigate adequately the bat alleged to have been used in the assault.

(9) Counsel was reluctant to secure proof that Petitioner's car had been hit by gunfire.

(10) Counsel conducted a poor investigation of the crime scene.

(11) Counsel was "deficient in qualifying defendant for sentence reduction." (Br. in Supp. of § 2254 Pet. 11.)

(12) Counsel failed to obtain evidence about the victim's criminal record.

(13) Counsel failed to argue for Petitioner's bond.

(14) Counsel should have challenged the victim's restitution amounts.
(15) Counsel failed to argue that Petitioner's height prevented him from striking the victim with an overhead blow while in the doorway to the victim's residence.
(16) Counsel failed to alert the Circuit Court to the visual impairment of Junious Lewis.

Claim B The prosecutor engaged in misconduct.

Claim C The Circuit Court committed procedural errors.

Claim D The prosecution's witnesses testified falsely.

Respondent has moved to dismiss on the grounds that Claims B, C, and D are procedurally defaulted and Petitioner's remaining claims lack merit.[1]

## I. PROCEDURAL HISTORY

Following a bench trial in the Circuit Court, Petitioner was convicted of malicious wounding. On October 20, 2004, the Circuit Court entered the final judgment on Petitioner's conviction and sentenced him to an active term of imprisonment of five years. The Circuit Court also revoked Petitioner's probation and imposed four years of a previously suspended sentence for credit card fraud. Petitioner unsuccessfully appealed his convictions to the Court of Appeals of Virginia and the Supreme Court of Virginia. On his direct appeal, Petitioner asserted that the evidence was insufficient to support his

[1] Because the Court agrees with Respondent that such claims are procedurally defaulted, it is unnecessary to set forth all of the subparts to Claims B, C, and D.

conviction and the Circuit Court abused its discretion in sentencing Petitioner for malicious wounding and reimposing a previously suspended sentence.

Petitioner then filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he raised a version of his present federal claims for habeas relief. On July 3, 2007, the Supreme Court of Virginia denied the petition. That court concluded that Claims B, C, and D were procedurally defaulted under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Petitioner had the opportunity to raise the claims on direct appeal, but failed to do so. The Supreme Court of Virginia further found that Petitioner's remaining claims lacked merit.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (citing *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state

procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Supreme Court of Virginia concluded that Petitioner's Claims B, C, and D were barred by the rule in *Slayton v. Parrigan* because they could have been, but were not, raised on direct appeal. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Claims B, C, and D are procedurally defaulted. Because Petitioner has not demonstrated any basis for excusing his default Claims B, C, and D will be dismissed.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Satisfying the deficient

performance facet of *Strickland* requires the defendant to overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim can be readily dismissed for lack of prejudice. *Id.* at 697. Petitioner must present specific facts tending to demonstrate deficiency and prejudice and cannot rely upon "airy generalities [or] conclusory assertions." *United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004) (alterations and internal quotations marks omitted).

**A. Plea Bargaining**

In Claim A(1), Petitioner faults trial counsel for failing to convey to him the Commonwealth's plea offer. In rejecting this claim, the Supreme Court of Virginia found that "no plea offer was made. The correspondence [from the prosecutor], in pertinent part, states: 'If there are circumstances under which your client wishes to plead guilty or enter into a plea agreement, then please contact me as soon as possible.'" *Weaver v. Dir.*

*Dep't of Corr.*, No. 338701 at 5 (Va. July 3, 2007) (hereinafter "State Habeas Op.").[2] Petitioner has not identified any circumstances under which he would have agreed to plead guilty that would have resulted in a lesser sentence. *Cf. Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Croaker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986) for the proposition that "effective counsel would have negotiated a better plea bargain insufficient to establish prejudice under *Hill*".) Thus, Petitioner has failed to demonstrate a reasonable probability of a different result, and Claim A(1) will be dismissed.

**B. Forensic and Medical Evidence**

In Claims A(2) and A(8), Petitioner faults counsel for failing to conduct a forensic analysis of the bat used in the crime. Counsel did, in fact, examine the bat. But because the bat was old and covered with numerous nicks and scratches, counsel did not believe the presence of any paint on the bat would significantly bolster Petitioner's assertion that he only struck the doorframe and not the victim. Additionally, because Petitioner had ample opportunity to clean the bat after the assault, the absence of any DNA evidence from the victim could prove of only minimal value to the defense. Moreover, in light of the testimony of the victim and his mother that Petitioner did strike the victim, counsel reasonably feared that forensic testing would reveal either hair or DNA trace evidence

[2] The foregoing finding of fact by the Supreme Court of Virginia, that there was no plea offer, is presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

from the victim. State Habeas Op. 5. Counsel, therefore, reasonably believed that the best course was not to have the bat tested and then assert that the absence of testing reflected the Commonwealth's failure to meet its burden of proof. *See Smith v. Stewart*, 140 F.3d 1263, 1273 (9th Cir. 1998) (noting that counsel "was much happier with having [the missing witness] as an empty chair to which he could point, without facing the danger of refutation"). Accordingly, because Petitioner has not demonstrated that counsel was deficient, Claims A(2) and A(8) will be dismissed.

In Claims A(3), A(5), A(6), and A(7), Petitioner criticizes counsel's performance with regard to the presentation of medical evidence. The prosecution presented medical evidence from two doctors. Dr. Thomas, the physician who treated the victim, testified that the victim had a large hematoma over his left ear. Dr. Thomas further testified that there was no indication the victim had been using drugs or alcohol prior to the assault. Dr. Hightower, the radiologist who read the CAT scan and x-rays of the victim's injuries, testified that the victim had a skull fracture. Dr. Hightower explained that a portion of the victim's skull had been depressed .93 centimeters in depth for about 4 centimeters.

In Claim A(3), Petitioner faults counsel for not introducing medical reports reflecting that the victim was coherent during his transport to the hospital and during his examination. These reports would have not diminished the undisputed medical evidence that the victim sustained a skull fracture. Thus, counsel was not deficient and Petitioner

was not prejudiced by counsel's decision not to elicit evidence regarding the victim's post-assault responsiveness. Accordingly, Claim A(3) will be dismissed.

In Claim A(5), Petitioner faults counsel for not asking Dr. Hightower and Dr. Thomas whether the victim's injuries were consistent with the victim accidentally striking his head against a door jamb. Dr. Hightower testified that he could not tell what type of instrument had caused the victim's injuries. (Trial Tr. at 69.) Thus, Petitioner has not demonstrated that Dr. Hightower was qualified to testify as to the cause of the victim's injury. (State Habeas Op. 7.) Moreover, the Court is convinced that defense counsel reasonably refrained from pursuing this line of questioning in light of the abundance of evidence, including the testimony of the victim and his mother and the location of the injury above Petitioner's ear, indicating that the victim's injuries were caused by Petitioner striking him with a bat. Indeed, Petitioner has not presented any facts, known to counsel at the time of trial, that suggested the cross-examination he now urges was likely to be favorable to the defense.

Petitioner persists that counsel should have secured an expert to testify on his behalf. Petitioner, however, fails to demonstrate any likelihood that an expert would have presented favorable testimony for the defense. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (explaining that ineffective assistance of counsel claims based upon the failure to call an expert should be accompanied by affidavit of expert's testimony). Moreover, when viewed in light of all of the evidence, Petitioner's theory that the victim

fractured his skull by running into a door is unsupported and frankly implausible. *See Roane*, 378 F.3d at 400. Accordingly, Claim A(5) will be dismissed because Petitioner has not demonstrated either deficiency or prejudice.

In Claim A(6), Petitioner contends that counsel should have cross-examined Dr. Thomas further regarding evidence of the victim's drug and alcohol use. Petitioner fails to demonstrate that questioning along this line would be beneficial to the defense. Accordingly, Claim A(6) will be dismissed because Petitioner has demonstrated neither deficiency nor prejudice.

In Claim A(7), Petitioner faults counsel for not objecting to Dr. Hightower's description of the victim's injuries. Petitioner fails to demonstrate that Dr. Hightower's testimony was objectionable. Thus, the Court concludes that defense counsel reasonably refrained from objecting to Dr. Hightower's testimony. Accordingly, Claim A(7) will be dismissed because Petitioner has not demonstrated deficiency or prejudice.

### C. Remaining Claims

In Claim A(4), Petitioner faults counsel for not obtaining a transcript of the preliminary hearing. Petitioner has obtained a copy of the preliminary hearing transcript and has identified some minor inconsistencies between the testimony of the prosecution's eyewitnesses at the preliminary hearing and at the trial.[3] In light of the overwhelming

---

[3] For example, Petitioner represents that at the preliminary hearing the victim asserted that he did not know Petitioner and had never seen him before, whereas at trial, the victim stated that he did not know Petitioner, but had seen Petitioner around the neighborhood. (Br. in Supp. of § 2254 Pet. 4-5.)

evidence of Petitioner's guilt and the minimal impeachment value of the minor inconsistencies identified by Petitioner, there is no reasonable probability that Petitioner would have been acquitted had counsel secured the preliminary hearing transcript. Accordingly, Claim A(4) will be dismissed.

In Claim A(9), Petitioner contends that counsel was deficient because he was reluctant to secure proof that Petitioner's car had been hit by gunfire as he fled the crime scene. Counsel introduced such evidence through Petitioner and the police officers that the prosecution called as witnesses. Such evidence did not contradict the Commonwealth's evidence that Petitioner struck the victim with a bat and fractured his skull. Thus, Petitioner fails to demonstrate that counsel's decision not to belabor the impact of this evidence was deficient or prejudicial. Claim A(9) thus will be dismissed.

In Claim A(10), Petitioner faults counsel for failing to investigate the crime scene and secure evidence, which Petitioner alleges reflected that Petitioner's bat had struck the door frame, rather than victim. Even if counsel had been able to obtain evidence that there was a dent in the doorframe, such evidence would do little to undermine the eyewitness testimony that Petitioner also struck the victim with the bat. Because Petitioner has not demonstrated prejudice, Claim A(10) will be dismissed.

In Claim A(11), Petitioner contends that counsel should have argued Petitioner's innocence at sentencing. In rejecting this claim the Supreme Court of Virginia aptly noted that, "when petitioner testified at sentencing and asserted his innocence, the court

noted that petitioner 'still doesn't take responsibility for breaking in the man's skull.' Petitioner has failed to demonstrate that similar arguments by counsel would not have produced the same reaction by the court." State Habeas Op. 11. Accordingly, Claim A(11) will be dismissed because Petitioner has not demonstrated prejudice.

In Claim A(12), Petitioner faults counsel for failing to obtain the victim's criminal record. The Commonwealth stipulated that the victim had been convicted of grand larceny as a juvenile. Petitioner fails to demonstrate that the victim had any additional relevant criminal convictions or that evidence of additional convictions would have significantly aided his defense. Accordingly, Claim A(12) will be dismissed.

In Claim A(13), Petitioner contends that counsel was deficient for failing to obtain Petitioner's pre-trial release on bail. Petitioner further contends in Claim A(14) that counsel should have challenged the amount of restitution imposed by the Circuit Court. Neither of these claims directly impacts Petitioner's current custody. Therefore, they do not provide a proper basis for federal habeas relief. *See Murphy v. Hunt*, 455 U.S. 478, 481–82 (1982) (concluding petitioner's conviction mooted his claim for release on pretrial bail); *Virsnieks v. Smith*, 521 F.3d 707, 721–22 (7th Cir. 2008) (concluding that inmates cannot bring challenges to financial penalties associated with their sentences under 28 U.S.C. § 2254 because such penalties do not impact their custody). Accordingly, Claims A(13) and A(14) will be dismissed.

In Claim A(15), Petitioner faults counsel for failing to argue that it was impossible

for a man of his height to strike an overhand blow with a bat while standing in the confined space of the doorway to the victim's residence. Counsel reasonably refrained from pursuing such an argument in light of his prior cross-examination of Joyce Bess. When counsel questioned how Petitioner could have struck such an overhand blow in the doorway, Bess explained that Petitioner had no difficulty because he was standing in the living room of the house where the ceiling was high. Claim A(15) will be dismissed because Petitioner has not demonstrated counsel was deficient or that he was prejudiced.

Finally, in Claim A(16), Petitioner contends that Junious Lewis obviously was visually impaired and counsel should have argued this fact to the Circuit Court. Junious Lewis merely testified to seeing Petitioner at the crime scene with a baseball bat. Petitioner admitted these facts to the police and at trial. Thus, counsel reasonably refrained from making an issue of Lewis's alleged visual impairment. Claim A(16) will be dismissed because Petitioner has demonstrated neither deficiency nor prejudice.

## IV. CONCLUSION

For the reasons detailed herein, the motion to dismiss will be granted and the petition for a writ of habeas corpus will be denied. Because Petitioner has no further costs in this Court, his motion for leave to proceed *in forma pauperis* will be denied. The action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.


/s/
Henry E. Hudson
United States District Judge

Date: Sept. 26, 2008
Richmond, Virginia